# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:07-CR-00040-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ANTHONY CHERRY,<br><br>Defendant. | **SUPPLEMENTAL ORDER** |

**THIS MATTER** is before the Court on Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 64).

On April 22, 2020, Defendant filed a *pro se* motion seeking compassionate release based on the COVID-19 pandemic pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 64). The Government opposed the motion, arguing that Defendant had not met the exhaustion requirement under the statute. (Doc. No. 65, at 7). On May 4, 2020, the Court issued an order denying Defendant's motion for compassionate release because he had not first sought relief from the warden of his facility. (Doc. No. 66, at 1). On May 8, 2020, Defendant filed a reply to the Government's opposition, and, for the first time, attached an email showing he had requested compassionate release from the warden of his facility on April 16, 2020.

As stated in the Court's earlier order, a court may entertain a motion for compassionate release filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Although Defendant has requested relief from the warden of his facility, 30 days have not yet

lapsed from the warden's receipt of Defendant's request. Thus, the Court is still without authority to consider the merits of Defendant's claim. *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion for compassionate release based on COVID-19 where the defendant had not exhausted his remedies under 18 U.S.C. § 3582(c)(1)(A)).

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release, (Doc. No. 64), is **DENIED** without prejudice to seek relief after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf or after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A).

The Clerk is directed to certify copies of this Supplemental Order to Defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

**SO ORDERED.**

Signed: May 12, 2020

Kenneth D. Bell
United States District Judge