**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:07-CR-00040-KDB-DSC**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **<u>ORDER</u>** |
| **MICHAEL ANTHONY CHERRY,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant Michael Anthony Cherry's motions to reduce his sentence pursuant to the First Step Act of 2018. (Doc. Nos. 61, 63, 71). Having carefully reviewed the motions, the parties' briefs, and all relevant portions of the record, the Court, in its discretion, will grant Defendant's request to reduce his sentence to time served and his supervised release term to eight (8) years.

## I.     BACKGROUND

On September 30, 2008, Defendant pleaded guilty to one count of possessing with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). Because Defendant had two previous felony drug convictions, he was classified as a career offender pursuant to the United States Sentencing Guidelines (U.S.S.G.). His career offender status raised his offense level from a thirty-two to thirty-seven under U.S.S.G. § 4B1.1 and his criminal history category from a category IV to category VI. (Doc. No. 30).[1] The applicable guidelines range at the time of Defendant's sentencing was 262 to 327 months in prison based on a total offense level of

---

[1] Defendant's total offense level was a thirty-four because he received a 3-level adjustment for acceptance of responsibility. (Doc. No. 30, ¶ 23).

Case 5:07-cr-00040-KDB-DSC   Document 76   Filed 09/22/20   Page 1 of 7

thirty-four and a criminal history category of VI. Defendant also faced a statutory mandatory-minimum term of 240 months in prison. The Court sentenced Defendant to 262 months in prison. Defendant has served approximately 173 months of his sentence. (Doc. No. 72). He now moves this Court to reduce his sentence to time served under the First Step Act of 2018.

## II.    LEGAL STANDARD

A sentence of imprisonment is final and may not be modified once it has been imposed except in narrow circumstances. 18 U.S.C. § 3582(c). One such narrow circumstance is when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 expressly permits sentencing modifications. § 404, 132 Stat. at 5222. As relevant here, the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act "reduces the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for cocaine base (often referred to as crack cocaine) trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See United States v. Wirsing*, 943 F.3d 175, 179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Section 3 eliminated the five-year mandatory minimum for simple possession of crack cocaine. *Id.* (citing Fair Sentencing Act, § 3, 124 Stat. at 2372).

The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section

2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404, 132 Stat. at 5222. "Even if a defendant is eligible for a sentence reduction, however, the decision whether to grant a reduction is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020) (citing § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")). When exercising its discretion, a district court considers the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3553(a).

## III.    DISCUSSION

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined by the Act, and is, therefore, eligible for a sentence reduction. Here, the parties agree that Defendant is eligible for a reduction under the First Step Act. *See United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019); *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020).

Second, even if a defendant is eligible, the Court exercises its discretion to determine whether a reduced sentence is appropriate. In doing so, the Court considers the Section 3553(a) factors, including the now-applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. *See United States v. Martin*, 916 F.3d 389 (4th Cir. 2019). District courts are given broad discretion in deciding whether to grant a sentence reduction under Section 404 of the First Step Act. *See Jackson*, 952 F.3d at 495.

The parties spend much of their time arguing over whether the Fourth Circuit's recent decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), is retroactive. In *Norman*, the Fourth Circuit held that § 846 offenses do not qualify as a generic conspiracy under the career offender guidelines of § 4B1.2(b). If retroactive, this Court would be required to apply *Norman* and recalculate Defendant's guidelines range without the career offender enhancement. *See United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). Defendant argues that *Norman* is retroactive, and thus he no longer qualifies as a career offender and his now-applicable guidelines range drops from 262 to 327 months to 84 to 105 months of imprisonment. The Government argues that *Norman* is not retroactive and therefore Defendant's now-applicable guidelines range remains the same as it was at his original sentencing. The Court recognizes *Norman* and the implications it would have on Defendant's sentence if he were sentenced today, but it need not decide whether it applies retroactively.

As for the § 3553(a) factors, Defendant asserts that even if this Court does not adopt his argument that it must correct the *Norman* error in calculating the now-applicable guidelines range, the § 3553(a) factors still support a time served sentence. Defendant points to a number of cases in which district courts have granted a sentence reduction under the § 3553(a) factors in light of the disparity created by a "career-offender error" that occurred at the original sentencing. (Doc. No. 71, at 11-12). "As these cases show," Defendant argues, "a reduced sentence of time served is necessary 'to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" (Doc. No. 71, at 13 (quoting 18 U.S.C. § 3553(a)(6)). Defendant contends that leaving his current sentence in place would create at least two kinds of disparity: (1) a disparity between Defendant and crack-cocaine offenders who were originally sentenced based on drug weight (rather than a "now erroneous career offender enhancement"); and

4

(2) a disparity between Defendant and other crack-cocaine offenders who were previously sentenced as career offenders but who have received reductions under the First Step Act. *Id.* 13-14.

In addition to the need to avoid unwarranted sentence disparities, Defendant argues that evidence of his post-sentencing rehabilitation warrants a reduction. Defendant has received no disciplinary violations during his time in BOP. He has also completed over twenty-five educational programs and work assignments; which Defendant argues is even more impressive considering he is borderline intellectually disabled.

The Government, on the other hand, argues that the § 3553(a) factors counsel against a reduction in Defendant's sentence. Defendant's history and characteristics include three drug-trafficking offenses, including the offense in which he pleaded guilty to in this case and a 1996 federal drug-trafficking offense for which he was sentenced to 10 years in prison.[2] His criminal history also includes a state drug-trafficking conviction for which he was sentenced to a five-year suspended sentence in 1994. Defendant repeatedly violated his probation and was committed to the Department of Corrections in November of 1995 to serve his five-year sentence. While he was on probation for his state offense, he continued drug trafficking by participating in the drug-trafficking conspiracy that led to his federal conviction. After Defendant was released from the BOP in January 2005, he committed six violations of his supervised release between November of 2006 and March of 2008 for which he was sentenced to 60 months in prison—a term to be served concurrently with his sentence in this case. Notwithstanding both state and federal convictions, for which he received sentences of five and eight years respectively, Defendant continued to violate

_____

[2] This sentence was later reduced to 96 months in prison under Federal Rule of Criminal Procedure 35. (Doc. No. 30, ¶ 44).

5

the law in the relatively short period of time he was not in prison between offenses. Moreover, Defendant's criminal history is not limited to non-violent offenses. He has two prior convictions for assault with a deadly weapon.

The Government also contends that the nature and circumstances of Defendant's offense conduct weigh against a sentence reduction. During the search that yielded the drugs supporting Defendant's drug-trafficking conviction, police found four loaded firearms that he was prohibited from possessing. The Government does not agree that a failure to reduce Defendant's sentence would result in unwarranted sentencing disparities among similarly situated defendants. It maintains that Defendant was properly classified as a career offender at the time he was sentenced, and even if he were not classified as a career offender, the "resulting criminal-history category would have under-represented the seriousness of his criminal history, warranting an upward departure . . . and/or an upward variance to 262 months in prison." (Doc. No. 73, at 9).

Furthermore, due to Defendant's "extraordinary recidivism," the Government argues that the need to protect the public from further offenses committed by Defendant and the need to deter Defendant and others from similar criminal misconduct also weigh against a sentence reduction. As for Defendant's conduct within the BOP, the Government asserts that such conduct does not outweigh the sentencing factors weighing against a sentence reduction. Except for the below, the Court agrees a balancing of the § 3553(a) factors does not warrant a reduction.

However, the need to avoid unwarranted sentencing disparities among similarly situated defendants counsels in favor of a sentence of time served. There is no dispute that if Defendant were sentenced today his guideline sentencing range would be 84 to 105 months (with a statutory minimum of 120 months). In no event do the § 3553(a) factors warrant an upward variance beyond

a time served sentence. Thus, the Court will grant Defendant's request to reduce his custodial sentence to time served.

As for Defendant's supervised release term, the Government agrees to a reduction in his term to eight (8) years.

## IV.    ORDER

**IT IS THEREFORE ORDERED** that Defendant's motions to reduce his sentence under the First Step Act of 2018 are **GRANTED**. The Court hereby orders that Defendant's term of imprisonment and commitment to custodial authorities is reduced to an aggregate sentence of **TIME SERVED PLUS FIVE (5) DAYS.**

**IT IS FURTHER ORDERED** that Defendant, upon release from imprisonment, shall be placed on a supervised release term of eight (8) years on Count 1.

All other terms and conditions of Defendant's sentence remain in full force and effect.

**SO ORDERED.**

Signed: September 22, 2020

Kenneth D. Bell
United States District Judge